```
                  United States District Court
                            For the
                    Northern District of Iowa
```

| | | |
|---|---|---|
| **LYNNE SEABROOKE** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. 6:10-cv-02028-LRR |
| | ) | |
| **UPPER IOWA UNIVERSITY,** | ) | JURY TRIAL DEMANDED |
| | ) | |
|     **Defendant.** | ) | |

### COMPLAINT

**COMES NOW** the above-named Plaintiff and in support of her cause of action states the following:

1. The Plaintiff is citizen of Iowa residing at 5154 Golden Road, Elgin, Iowa 52141. The Defendant, Upper Iowa University, is a domestic non-profit corporation with a principal place of business at 605 Washington Street, P.O. Box 1857, Fayette, Iowa 52142. The amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332.

2. Jurisdiction also arises under 42 U.S.C. §§ 12101 et seq., prohibiting employment discrimination on the basis of a disability.

3. The Defendant is an educational institution offering undergraduate and post-graduate curriculum both nationally and internationally.

4. The Plaintiff began employment with the Defendant on or about September 16, 2004 as an Administrative Assistant.

5. The Plaintiff's most recent position with the Defendant was as an Assistant Registrar of International Programs.

6. The Plaintiff was supervised by DeWayne Frazier, Senior Vice President for International Programs, and Chris Sanders, Director of International Programs.

7. Throughout the course of employment, the Plaintiff was disabled as defined under 42 U.S.C § 12102 and Iowa Code §

216.2(5) from diagnosed post-traumatic stress disorder, depression, and anxiety.

8. That the post-traumatic stress disorder, depression, and anxiety are significant mental impairments that substantially limit the Plaintiff's major life activities, and cause her substantial hardship.

9. Despite the Plaintiff's disabilities, she could perform the essential functions of her job with a reasonable accommodation.

10. The Defendant, through the Plaintiff's supervisors, DeWayne Frazier and Chris Sanders, were made aware both verbally and in writing of the Plaintiff's post-traumatic stress disorder, depression, and anxiety.

11. In addition to both verbal and written notice of the Plaintiff's condition, the Plaintiff was hospitalized during the course of her employment due to her disabilities; the Defendant was aware of the reason for her hospitalization and is further charged with notice.

12. During the course of employment, the Defendant subjected the Plaintiff to a significantly higher work load than other similarly situated employees beyond the essential functions of her job.

13. The Plaintiff began experiencing physical and mental health problems in relation to her disabilities as a direct result of the significantly higher work load.

14. The Plaintiff personally, and through her treatment provider, requested a reasonable accommodation from her supervisors; the Defendant failed to reasonably accommodate the Plaintiff's disability.

15. A reasonable accommodation could have been provided by the Defendant without hardship.

16. The Defendant, through the Plaintiff's supervisors, communicated with the Plaintiff's treatment provider on several occasions by telephone and in writing concerning the Plaintiff's disability.

17. On or about September 25, 2008, the Defendant, through DeWayne Frazier, acknowledged the Plaintiff's request for

accommodation and that the Defendant was working on an accommodation.

18. On or about October 7, 2008, the Defendant, through DeWayne Frazier, refused to further discuss a reasonable accommodation with the Plaintiff and a reasonable accommodation was not provided.

19. On or about February 26 2009, the Defendant knowingly and intentionally terminated the Plaintiff on the basis of her disabilities in violation of 42 U.S.C. §§ 12101 et seq. and Iowa Code §§ 216 et seq.

20. On or about May 27, 2009, the Plaintiff filed a complaint with the Iowa Civil Rights Commission alleging discrimination on the basis of the Plaintiff's disability and failure to provide a reasonable accommodation.

21. The Iowa Civil Rights Commission issued an Administrative Release (Letter of Right-To-Sue) on March 5, 2010 which is attached hereto and incorporated herein.

22. The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue on March 26, 2010 which is attached hereto and incorporated herein.

23. Since the Plaintiff was terminated by the Defendant, the Plaintiff has been hospitalized for severe emotional distress directly related to her unlawful termination. Furthermore, the Plaintiff has been unable to find any employment comparable to her former position, or otherwise, due to the emotional distress from her unlawful termination, and the very fact she was terminated.

24. That as a result of the Defendant's discriminatory conduct the Plaintiff has suffered damages including past, present, and future lost wages, severe emotional and mental distress, employment benefits that she would have received from continued employment, attorney fees, costs and expenses.

25. That the Court should enter judgment against the Defendant for all past, present, and future lost wages, past, present, and future emotional distress, employment benefits that she would have received from continued employment, reasonable attorney fees, and all costs and expenses, and all other relief the Court deems appropriate.

26. The Plaintiff demands a trial by jury.

**WHEREFORE** the Plaintiff demands a money judgment against the Defendant for past, present, and future lost wages, past, present and future emotional distress suffered plus costs, attorney fees, and interest at a rate allowed by law and all other relief the Court deems just and equitable.

Date: April 7, 2010

/s/Dale L. Putnam_____
**Dale L. Putnam       AT0006463
Putnam Law Office
801 Commerce Drive, Suite 1
P.O. Box 70
Decorah, Iowa 52101
Ph.  (563) 382-2984
Fax. (563) 382-8810
putlaw@putlaw.com
ATTORNEY FOR PLAINTIFF**