United States District Court
For the Northern District of Iowa
Eastern Division

| | | |
|---|---|---|
| **LYNNE SEABROOKE** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 6:10-cv-02028-LRR |
| | * | |
| **UPPER IOWA UNIVERSITY,** | * | |
| | * | **FINAL PRETRIAL ORDER** |
| Defendant. | * | |

This final pretrial order was entered after a final pretrial conference held on August 26, 2011. The Court expects the parties to comply fully with this order.

The following counsel, who will try the case, appeared at the conference:

1. For plaintiff:

    Dale L. Putnam and
    Erik W. Fern
    Putnam Law Office
    801 Commerce Drive, Suite 1
    P.O. Box 70
    Decorah, Iowa 52101
    Tel. (563) 382-2984
    Fac. (563) 382-8810
    putlaw@putlaw.com

2. For defendant:

    Jennifer Chase and
    Max Kirk
    Ball, Kirk & Holm, P.C.
    3324 Kimball Avenue
    P.O. Box 2696
    Waterloo, Iowa 50704-2696
    Tel. (319) 234-2638
    Fac. (319) 234-2237
    bkh@ballkirkholm.com

I. **STIPULATION OF FACTS**:

    A.    Plaintiff Seabrooke was an at-will employee.

    B.    Plaintiff Seabrooke did not request FMLA benefits as requested by Defendant Upper Iowa University.

    C.    Defendant Upper Iowa University, in its review of the Plaintiff, in July 2008 indicated that Plaintiff Seabrooke was the "best in Iowa" at her position.

    D.    That the Defendant terminated the Plaintiff's employment on February 26, 2009. That with the termination of the Plaintiff's employment, all of the Plaintiff's benefits through her employment were terminated by the Defendant.

    E.    That Plaintiff Seabrooke received raises in 2007 and 2008 from the Defendant and received a new title in 2008.

II. **EXHIBIT LIST**: The parties' exhibit lists are attached to this order.

III. **WITNESS LIST**: the parties intend to call the following witnesses at trial:

    A.  Plaintiff's Witnesses:

        1.  Lynne Seabrooke, 5154 Golden Road, Elgin, Iowa 52141. Will testify regarding her employment with Upper Iowa University, her mental health

issues, her termination from Upper Iowa University, all other damages and all other matters relevant hereto;

2. Mary Funke, Regional Medical Center, 709 West Main Street, Manchester, Iowa 52057. Will testify as to her qualifications and her treatment of Lynne Seabrooke;

3. Richelle Bouska, Regional Medical Center, 709 West Main Street, Manchester, Iowa 52057. Will testify as to her qualifications and her treatment of Lynne Seabrooke;

4. Dr. Doug Jones, Abbe Center, 129 S. Vine Street, West Union, Iowa 52175. Will testify as to his qualifications and his treatment of Lynne Seabrooke;

5. Kari Seabrooke, 1001 Morton Avenue, Des Moines, Iowa. As to her relationship (daughter) with Lynne Seabrooke, her observations and what effect the termination had on Lynne Seabrooke and all other relevant matters hereto;

6. The Plaintiff reserves the right to call any individual named by the Defendant in its Witness List.

B.  Defendant's witnesses:

1.  Dr. DeWayne Frazier

    Dr. Frazier will testify regarding his position and duties at Upper Iowa University, the International Program at Upper Iowa University, his observations of Plaintiff Seabrooke, Plaintiff Seabrooke's employment at Upper Iowa University, his knowledge of Plaintiff Seabrooke's mental health issues, and Plaintiff Seabrooke's termination from Upper Iowa University, including the events which led to Plaintiff Seabrooke's termination.

2.  Chris Sanders

    Chris Sanders will testify regarding his position and duties at Upper Iowa University, the International Program at Upper Iowa University, his observations of Plaintiff Seabrooke, Plaintiff Seabrooke's employment at Upper Iowa University, his knowledge of Plaintiff Seabrooke's mental health issues, and Plaintiff Seabrooke's termination from Upper Iowa University, including the events which led to Plaintiff Seabrooke's termination.

3.  Virginia Larimer

    Virginia Larimer will testify regarding her position and duties at Upper Iowa University, the International Program at Upper Iowa University, her observations of Plaintiff Seabrooke, Plaintiff Seabrooke's employment at Upper Iowa University, her knowledge of Plaintiff Seabrooke's mental health issues, and Plaintiff Seabrooke's termination from Upper Iowa University, including the events which led to Plaintiff Seabrooke's termination.

4.  Cathy Langel

    Cathy Langel will testify regarding her position and duties at Upper Iowa University, the

>International Program at Upper Iowa University, her observations of Plaintiff Seabrooke, Plaintiff Seabrooke's employment at Upper Iowa University, her knowledge of Plaintiff Seabrooke's mental health issues, and Plaintiff Seabrooke's termination from Upper Iowa University, including the events which led to Plaintiff Seabrooke's termination.

5. Don Aungst

   >Don Aungst will testify regarding his position and duties at Upper Iowa University, the International Program at Upper Iowa University, his observations of Plaintiff Seabrooke, Plaintiff Seabrooke's employment at Upper Iowa University, his knowledge of Plaintiff Seabrooke's mental health issues, and Plaintiff Seabrooke's termination from Upper Iowa University, including the events which led to Plaintiff Seabrooke's termination.

6. The Defendant reserves the right to call any of the Plainitff's witnesses.

IV. **EVIDENTIARY AND OTHER LEGAL ISSUES**:

A. Plaintiff Issues:

1. The Plaintiff could perform the essential functions of her job, with or without reasonable accommodations;

2. That while Defendant Upper Iowa University claims they provided accommodations, in reality, it should have been known by Upper Iowa University that the accommodations would be ineffective or were not carried out resulting in minimal accommodations that would not assist the Plaintiff with her mental health condition.

5

3. The Plaintiff believes the Defendant is going to argue that they provided full accommodations to the Plaintiff and that the Plaintiff did not request any additional accommodations. However, the Plaintiff repeatedly requested accommodations, i.e. lessening her workload plus the accommodations that were offered were ultimately non-sufficient to accommodate the Plaintiff's mental health condition. In addition, the Defendant refused to discuss additional accommodations with the Plaintiff.

4. The Defendant is going to claim that the proper medical records were not provided to the Defendant. However, the Defendant had direct communication with the Plaintiff's counselor and at no time did the Defendant request the medical records directly from the counselor, nor did the Defendant attempt to obtain medical records from the counselor.

5. The Defendant acknowledged the severity of the Plaintiff's condition and was fully aware as of September 2008 that the Plaintiff suffered from a mental health condition.

6. That the Defendant failed to advise the Plaintiff of all potential accommodations that were available to her.

7. That the Plaintiff has been unable to obtain regular employment of any kind, let alone employment approaching that which she held with the Defendant. She has made numerous and repeated attempts to obtain employment in an attempt to mitigate her damages.

8. That the Plaintiff's actions were a direct result and stemmed directly from her mental health problems and the actions of the Defendant.

9. That it is believed the Defendant will attempt to and is attempting to raise defenses that were never plead or identified through these proceedings.

B. Defendant Issues:

1. Plaintiff Seabrooke must prove that she could perform the essential functions of her job, with or without reasonable accommodations.

2. Defendant Upper Iowa University anticipates that Plaintiff Seabrooke will attempt to testify as to accommodations that Defendant Upper Iowa University should have or could have made to her; however, Plaintiff Seabrooke should not be permitted to testify as to any accommodation(s) that she did not request or that were not requested on her behalf prior to her termination.

3. Defendant Upper Iowa University anticipates that Plaintiff Seabrooke will attempt to admit medical records; however, Defendant Upper Iowa University objects to the admissibility of any medical records which were not provided to Defendant Upper Iowa University prior to Plaintiff Seabrooke's termination as admissibility of such records charges Defendant Upper Iowa University with information that it did not have at the time Defendant Upper Iowa University made decisions regarding reasonable accommodations and termination of Plaintiff Seabrooke.

4. Defendant Upper Iowa University objects to the testimony by any witness regarding the benefit of any accommodation that was not requested by or on behalf of Plaintiff Seabrooke during her employment at Upper Iowa University.

5. Plaintiff Seabrooke had no expectation of future employment with Upper Iowa University as she was an at-will employee. As such, Defendant Upper Iowa University could choose to terminate Plaintiff Seabrooke at any time.

6. Plaintiff Seabrooke is not a person with a disability as defined by the ADA.

7. Plaintiff Seabrooke is not substantially limited in a major life activity.

8. Plaintiff Seabrooke was terminated because she was a direct threat to herself and/or to others.

9. In its actions toward the Plaintiff, the Defendant, Upper Iowa University, acted in good faith and without regard to, or motivated by, the Plaintiff's alleged disability.

10. The court lacks jurisdiction over all causes of action insofar as they are based upon facts, events, or allegations that are beyond the scope of the complaint or the charge of discrimination filed by the Plaintiff with the Iowa Civil Rights Commission or EEOC.

11. Plaintiff is not entitled to back pay or other damages insofar as she has failed to mitigate her damages.

**IT IS SO ORDERED.**

**DATED** this 26th day of August, 2011.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

**United States District Court For the
Northern District of Iowa
Eastern Division**

---

| LYNNE SEABROOKE, | * | No. 6:10-cv-02028-LRR |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| UPPER IOWA UNIVERSITY, | * | |
| | * | **PLAINTIFF'S EXHIBIT LIST** |
| Defendant. | * | |

---

The following categories have been used for objections to exhibits:

A. **Category A.**  The exhibits shall be offered by the parties and admitted as evidence in front of the jury before the parties seek to publish them to the jury.

B. **Category B.**  These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category has been used for objections such as hearsay or relevance.

C. **Category C.**  These exhibits are object to on grounds of foundation, identification, or authenticity. This category **has not** been used for other grounds, such as hearsay or relevance.

| | Plaintiff's Exhibits | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| 1 | Employment Summary | | A | | |
| 2 | Letter from Upper Iowa University to Lynne Seabrooke dated 01/25/2001 and attachment thereto | | A | | |
| 3 | Letter from Upper Iowa University to Lynne Seabrooke dated 09/16/2004 | | A | | |

1

| | Plaintiff's Exhibits | Objections | Category A, B, C | Offered | Admit/Not Admitted (A)-(NA) |
|---|---|---|---|---|---|
| 4 | Letter from Upper Iowa University to Lynne Seabrooke dated 05/31/2007 | | A | | |
| 5 | Upper Iowa University Performance Appraisal of Lynne Seabrooke dated 07/02/2007 | | A | | |
| 6 | 11/29/2007 letter from Seabrooke to Frazier | | A | | |
| 7 | Letter from Upper Iowa University to Lynne Seabrooke dated 06/01/2008 | | A | | |
| 8 | Upper Iowa University Performance Appraisal dated 07/18/2008 and attachments thereto (signed only by Lynne Seabrooke) | | A | | |
| 9 | Upper Iowa University Handbook for Administration and Staff | | A | | |
| 10 | Medical Records from Regional Health Services, Cresco, Iowa | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 8/10/11 | B | | |
| 11 | Palmer Lutheran Health Center Discharge Summary 02/02/2009 | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 7/25/11 | B | | |

2

|    | **Plaintiff's Exhibits** | **Objections** | **Category A, B, C** | **Offered** | **Admit/Not Admitted (A) – (NA)** |
|----|---|---|---|---|---|
| 12 | Palmer Luther Health Center Discharge Summary 06/18/2010 | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 7/25/11 | B | | |
| 13 | Covenant Medical Center Discharge Summary 06/16/2009 | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 8/1/11 | B | | |
| 14 | Covenant Medical Center Discharge Summary 06/21/2010 | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 8/1/11 | B | | |
| 15 | Medical Records from Backbone Area Counseling Center | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 8/2/11 | B | | |

|    | **Plaintiff's Exhibits** | Objections | Category A, B, C | Offered | Admit/Not Admitted (A)-(NA) |
|----|---|---|---|---|---|
| 16 | Medical Records from Backbone Area Counseling Center 06/16/2009 | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 8/1/11 | B |  |  |
| 17 | Medical Records from Abbe Center | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 8/1/11 | B |  |  |
| 18 | Medical Records from Gundersen Lutheran Hospital | Relevance & Failure to provide the records prior to the discovery deadline; these records were not provided until 8/1/11 | B |  |  |
| 19 | 09/17/2008 email from Frazier to Funke/email 09/17/2008 from Funke to Frazier |  | A |  |  |
| 20 | 09/24/2008 email from Seabrooke to Frazier/email 09/24/2008 from Frazier to Seabrooke |  | A |  |  |
| 21 | 09/23/2008 from Buntain to Seabrooke/email from Seabrooke to Buntain on 09/24/2008 | Relevance & Hearsay | B |  |  |

4

|    | **Plaintiff's Exhibits** | **Objections** | **Category A, B, C** | **Offered** | **Admit/Not Admitted (A) – (NA)** |
|----|--------------------------|----------------|----------------------|-------------|-----------------------------------|
| 22 | 09/24/2008 email from Funke to Frazier/email 09/25/2008 from Frazier to Funke | | A | | |
| 23 | 10/02/2008 email from Larimer to Seabrooke/email 10/03/2008 from Seabrooke to Larimer | | A | | |
| 24 | 10/03/2008 email from Seabrooke to Frazier/email 10/03/2008 from Frazier to Seabrooke | | A | | |
| 25 | 09/17/2008 email from Funke to Frazer and Frazier to Funke/email 09/24/2008 from Funke to Frazier/email 09/25/2008 email from Frazer to Funke/email 10/06/2008 email from Funke to Frazer | | A | | |
| 26 | 10/09/2008 email from Seabrooke to Funke/email 10/09/2008 from Frazier to Funke/email 10/09/2008 from Funke to Frazier | | A | | |
| 27 | 10/03/2008 email from Frazier to Seabrooke/email 10/09/2008 from Seabrooke to Frazier/email 10/24/2008 from Frazier to Seabrooke | | A | | |
| 28 | 02/11/2009 email from Frazier to Carolan | | A | | |

5

| | Plaintiff's Exhibits | Objections | Category A, B, C | Offered | Admit/Not Admitted (A)-(NA) |
|---|---|---|---|---|---|
| 29 | 10/08/2008 email from Aungst to Carolan/10/03/2008 email from Seabrooke to Sanders/email 10/02/2008 from Sanders to Seabrooke/email 10/02/2008 from Seabrooke to Sanders | | A | | |
| 30 | International Enrollments FY 07-08; 08-09 (computation with adjustment to Larimer not received) | | A | | |
| 31 | International Enrollment Advisor Position Description | | A | | |
| 32 | Upper Iowa University Assistance Registrar/Academic Credential Evaluator Position Description | | A | | |
| 33 | 02/17/2009 email from Jorgenson to Sanders | | A | | |
| 34 | Statement of Larimer 02/17/2009 | | A | | |
| 35 | Statement of Langel 02/17/2009 | | A | | |
| 36 | Memorandum 02/27/2009 from Aungst to Seabrooke | | A | | |
| 37 | Termination letter dated 02/24/2009 from Aungst to Seabrooke | | A | | |
| 38 | List of jobs applied for by Lynne Seabrooke | | A | | |
| 39 | 2009 tax returns of Lynne Seabrooke | | A | | |
| 40 | 2010 tax returns of Lynne Seabrooke | | A | | |
| 41 | Lynne Seabrooke's 07/13/2001 & 07/27/2011 pay stubs | | A | | |

|    | **Plaintiff's Exhibits**                      | Objections                                                                                                                                                                                                                   | Category A, B, C | Offered | Admit/Not Admitted (A)-(NA) |
|----|-----------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------|---------|------------------------------|
| 42 | Patient Drug History – Scott Pharmacy         |                                                                                                                                                                                                                              | A                |         |                              |
| 43 | Benefits Statement from Upper Iowa University |                                                                                                                                                                                                                              | A                |         |                              |
| 44 | Lynne Seabrooke's Damages Due to Termination  | Relevance; Demonstrative; & Failure to provide the medical bills prior to the discovery deadline which form part of the basis of this exhibit; for example, the Palmer Lutheran Health Center bills were not provided until 7/28/11 | B                |         |                              |
| 45 | Mortality Table                               |                                                                                                                                                                                                                              | A                |         |                              |

7

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| LYNNE SEABROOKE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UPPER IOWA UNIVERSITY,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:10-cv-02028-LRR<br><br>DEFENDANT'S EXHIBIT LIST |

The following categories have been used for objections to exhibits:

A. **Category A.** The exhibits shall be offered by the parties and admitted as evidence in front of the jury before the parties seek to publish them to the jury.

B. **Category B.** These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category has been used for objections such as hearsay or relevance.

C. **Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category **has not** been used for other grounds, such as hearsay or relevance.

| | Defendant's Exhibits | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| A | Job Description: International Enrollment Advisor | | A | | |
| B | Letter of Appointment dated May 25, 2006 | | A | | |
| C | Letter confirming raise dated May 31, 2007 | | A | | |
| D | Letter confirming new title and raise dated June 1, 2008 | | A | | |
| E | Emails dated September 17, 24, 25, and October 6, 2008 between Dr. Frazier and Mary Funke regarding time off | | A | | |
| F | Email dated September 24 & 25 2008 between Dr. Frazier and Plaintiff regarding accommodations and time off | | A | | |

|   | Defendant's Exhibits | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| G | Emails dated October 2, 3, & 7, 2008 between Plaintiff and Chris Sanders and Plaintiff and Dr. Frazier regarding incidents of misconduct | | A | | |
| H | Emails dated October 9, 2008 between Dr. Frazier and Mary Funke regarding diagnosis & accommodations | | A | | |
| I | Emails dated October 9 & 13, 2008 between Dr. Frazier and Plaintiff regarding accommodations | | A | | |
| J | Emails dated October 3, 9, & 24, 2008 between Dr. Frazier and Plaintiff regarding FMLA | | A | | |
| K | International Enrollments by Location for FY 07-08, | | A | | |
| L | International Enrollments by Location for FY 08-09 | See Motion in Limine | B | | |
| M | International Enrollments by Location for FY 09-10 | | A | | |
| N | UIU Handbook for Administration & Staff, Revised November 2008 | | A | | |
| O | Memo regarding FMLA dated September 25, 2008 | | A | | |
| P | Termination Letter dated February 24, 2009 | | A | | |
| Q | Statement of Chris Sanders, dated September 16, 2008 | | A | | |
| R | Statement of Kristen Jorgenson, dated September 16, 2008 | Hearsay, Lack of foundation | B, C | | |
| S | Statement of Virginia Larimer, dated September 16, 2008 | | A | | |
| T | Statement of Kristen Jorgenson, dated February 17, 2009 | | A | | |
| U | Statement of Virginia Larimer, dated February 17, 2009 | | A | | |
| V | Statement of Brian More, dated February 17, 2009 | Hearsay, Lack of Foundation | B, C | | |
| W | Statement of Cathy Langel, dated February 17, 2009 | | A | | |
| X | Statement of Chris Sanders, dated February 17, 2009 | | A | | |
| Y | | | | | |
| Z | | | | | |