IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LYNNE SEABROOKE, | |
| Plaintiff, | No. C10-2028 |
| vs. | RULING ON MOTIONS *IN LIMINE* |
| UPPER IOWA UNIVERSITY, | |
| Defendant. | |

On the 2nd day of September 2011, this matter came on for telephonic hearing on the Motion *in Limine* (docket numbers 17) filed by the Plaintiff on August 19, 2011, and the Motion *in Limine* (docket number 20) filed by the Defendant on the same date. Plaintiff was represented by her attorneys, Dale Putnam and Erik Fern. Defendant was represented by its attorney, Jennifer Chase.

### SEABROOKE'S MOTION *IN LIMINE*

In her motion *in limine*, Seabrooke objects to a document showing the number of international enrollments by location for the 2009-10 school year (Defendant's Exhibit M). Seabrooke has no objection to similar exhibits reflecting enrollments for the 2007-08 school year (Exhibit K) for the 2008-09 school year (Exhibit L). Seabrooke argues, however, that because Exhibit M covers a period of time after she was discharged from her employment, it is not relevant. Upper Iowa argues that the information is intended to show expansion of its international program during this time period. Upper Iowa argues that it demonstrates Seabrooke was not "singled out" and that an accommodation of reducing her workload was not reasonable.

The Court concludes that the evidence is admissible. Whether the workload assigned to Seabrooke was reasonable appears to be an issue in this case. Upper Iowa is

1

entitled to introduce evidence that its international program was expected to grow and, in fact, grew. The disputed evidence also illustrates the workload which could reasonably be handled by an international enrollment adviser at Upper Iowa. Accordingly, Plaintiff's motion *in limine* is denied.

## UPPER IOWA'S MOTION *IN LIMINE*

Upper Iowa's motion *in limine* contains six numbered paragraphs. The Court will address the issues in order:

In paragraph 1, Upper Iowa seeks to exclude all of Seabrooke's witnesses for the reason that her initial disclosures were filed two days late (in August 2010). At the time of hearing, Upper Iowa withdrew its claim in paragraph 1. Accordingly, the motion will be denied as moot.

In paragraph 2, Upper Iowa asks that the Court prohibit testimony regarding any accommodation that was not requested by Seabrooke prior to her discharge. Seabrooke objects, noting that "[o]nce the employer is made aware of the legitimate need for an accommodation, the employer must 'make a reasonable effort to determine the appropriate accommodation.'" *EEOC v. Convergys Customer Mgmt. Group*, 491 F.3d 790, 795 (8th Cir. 2007). "This means that the employer should first analyze the relevant job and the specific limitations imposed by the disability and then, in consultation with the individual, identify potential effective accommodations." *Id.*

The Court concludes that in determining whether Upper Iowa reasonably accommodated her disability, Seabrooke may refer to possible accommodations that were not specifically requested by her. Obviously, the jury can be told that those accommodations were not requested at the time, and may consider that evidence in determining whether the accommodation was reasonable and whether Upper Iowa made a good faith effort to consult with Seabrooke in reaching a reasonable accommodation. The motion will be denied.

In the third paragraph, Upper Iowa asks that Seabrooke be prohibited from offering any medical records which were not provided to Upper Iowa prior to her discharge. The medical records appear to be relevant to the nature and extent of Seabrooke's disability, and may be relevant to the damages claimed by Seabrooke from Upper Iowa's alleged wrongful actions. Upper Iowa offers no authority for the proposition that medical records not produced to the employer prior to discharge cannot be used by Plaintiff for these purposes. Accordingly, the motion will be denied.

In the fourth paragraph, Upper Iowa asks that the same medical records be excluded because they were not produced by Seabrooke prior to the discovery deadline. It would appear, however, that the parties reached an agreement that they would not comply with the Court's Order in that regard. The Court concludes that Upper Iowa cannot rely on the safe harbor of the discovery deadline after it has agreed that the deadline will be ignored. Accordingly, the motion will be denied.

In the fifth paragraph, Upper Iowa asks that Seabrooke be prohibited from offering any evidence of "a pattern of discrimination." Seabrooke acknowledges that she did not plead a pattern of discrimination in her complaint, but apparently has evidence that Upper Iowa discharged another employee with a "mental impairment" at about the time it discharged Seabrooke. At the time of hearing, neither counsel was able to provide the Court with any detail in that regard. The Court finds that the motion should be granted conditionally. Seabrooke is prohibited from offering any evidence regarding the other discharged employee, without first making an offer of proof outside the presence of the jury.

In paragraph 6, Upper Iowa asks that Seabrooke be prohibited from mentioning that Upper Iowa has liability insurance. Seabrooke has no objection. Accordingly, the motion will be granted.

## ORDER

IT IS THEREFORE ORDERED that the Motions *in Limine* (docket numbers 17 and 20) filed by the parties are hereby **GRANTED** in part and **DENIED** in part, as set forth above.

DATED this 2nd day of September, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA