IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LYNNE SEABROOKE,<br>Plaintiff,<br>vs.<br>UPPER IOWA UNIVERSITY,<br>Defendant. | No. C10-2028<br>VERDICT FORM |

## SEABROOKE'S REASONABLE ACCOMMODATION CLAIM

**QUESTION NO. 1:** Did Seabrooke prove by the greater weight or preponderance of the evidence her claim that Upper Iowa failed to reasonably accommodate her disability?

Answer "Yes" or "No"

ANSWER: _No_

[If you answered "No," then do not answer Question Nos. 2 and 3.]

**QUESTION NO. 2:** Did Upper Iowa prove by the greater weight or preponderance of the evidence that it made a good faith effort and consulted with Seabrooke to identify and make a reasonable accommodation?

Answer "Yes" or "No"

ANSWER: _____

[If you answered "Yes," then do not answer Question No. 3.]

# VERDICT FORM (Cont'd)

**QUESTION NO. 3:** State the amount of damages Seabrooke sustained as a result of Upper Iowa's failure to reasonably accommodate.

1. Medical Bills            $ _____
2. Emotional Distress Damages    $ _____

[If you find in favor of Seabrooke on this claim, but you do not find that her damages have monetary value, then you must return a verdict for Seabrooke in the nominal amount of One Dollar ($1.00).]

## SEABROOKE'S DISABILITY DISCRIMINATION CLAIM

**QUESTION NO. 4:** Did Seabrooke prove by the greater weight or preponderance of the evidence her claim that Upper Iowa discriminated against her on the basis of her disability?

Answer "Yes" or "No"
ANSWER: *Yes*

[If you answered "No," then do not answer Question Nos. 5 and 6.]

**QUESTION NO. 5:** Did Upper Iowa prove by the greater weight or preponderance of the evidence that it would have discharged Seabrooke even if it had not considered Seabrooke's mental impairments?

Answer "Yes" or "No"
ANSWER: *No*

[If you answered "Yes," then do not answer Question No. 6.]

# VERDICT FORM (Cont'd)

**QUESTION NO. 6:** State the amount of damages Seabrooke sustained as a result of Upper Iowa's disability discrimination.

1. Lost Past Earnings and Benefits    $ _119,072.00_
2. Medical Bills                       $ _706.00_
3. Emotional Distress Damages          $ _250,000.00_

[If you find in favor of Seabrooke on this claim, but you do not find her damages have monetary value, then you must return a verdict for Seabrooke in the nominal amount of One Dollar ($1.00).]

## SEABROOKE'S PUNITIVE DAMAGES CLAIM

[Do not proceed to Question No. 7 unless you found for Seabrooke on her reasonable accommodation claim and/or her disability discrimination claim.

**QUESTION NO. 7:** Do you find by a preponderance of clear, convincing and satisfactory evidence that Upper Iowa acted with malice or reckless indifference for the rights of another?

Answer "Yes" or "No"
ANSWER: _Yes_

[If your answer to Question No. 7 is "No," then do not answer Question No. 8.]

**QUESTION NO. 8:** What amount of punitive damages, if any, do you award?

$ _750,000.00_

DATE: _Sept. 15, 2011_    /s/Foreperson

_____
FOREPERSON